SALTZMAN & JOHNSON LAW CORPORATION
RICHARD C. JOHNSON (Bar No. 40881)
SHAAMINI A. BABU (Bar No. 230704)
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
djohnson@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

DOWNEY BRAND LLP
CASSANDRA M. FERRANNINI (Bar No. 204277)
SHAYE HARRINGTON (Bar No. 238354)
BRIAN J. LIM (Bar No. 258262)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
cferrannini@downeybrand.com
sharrington@downeybrand.com
blim@downeybrand.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' PENSION TRUST FUND; GIL GROSTHWAITE AND RUSS BURNS, as Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK'S WELDING AND MACHINE, a California partnership, aka CLARK'S WELDING, aka CLARK'S WELDING AND MACHINING; SYLVESTER HABERMAN, individually, and FRANZ EDEL MAYER, individually,<br><br>Defendants. | Case No.  3:09-cv-00044-SC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT; REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; AND [PROPOSED] ORDER GRANTING CONTINUANCE FOR CASE MANAGEMENT CONFERENCE** |

1004984.3                                              1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND REQUEST FOR CONTINUANCE

In accordance with Rule 16 and 26(f) of the Federal Rules of Civil Procedure, Northern District Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.  In addition, pursuant to Northern District Local Rules 16-2(e) and 7-12, the parties respectfully request that the Court continue the currently scheduled May 29, 2009 Case Management Conference to July 27, 2009.

1. **Jurisdiction and Service:**

Subject matter jurisdiction is proper under 28 U.S.C. § 1331.  As alleged in the Complaint, Plaintiffs OPERATING ENGINEERS' PENSION TRUST FUND ("OEPTF"), GIL CROSTHWAITE, and RUSS BURNS (hereinafter "Plaintiffs") assert claims against Defendants CLARK'S WELDING AND MACHINE ("Clark's Welding"), SYLVESTER HABERMAN, and FRANZ EDELMAYER, erroneously sued herein as Franz Edel Mayer (hereinafter "Defendants"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPA"), 29 U.S.C. § 1001, *et seq*.  There are no existing issues regarding personal jurisdiction or venue.  There are no named parties that remain to be served.

2. **Facts:**

Defendants Sylvester Haberman and Franz Edelmayer owned and operated a partnership, Clark's Welding, from 1999 until 2003.  On September 1, 1999, Defendants entered into a Collective Bargaining Agreement ("CBA") with Operating Engineers Local Union No. 3 of the International Union of Operating Engineers.  As part of the CBA, Defendants participated in and made contributions to Plaintiffs' trust fund.

Defendants continued to contribute to OEPTF until 2003, at which time Defendants could no longer sustain the business and their partnership dissolved.  On May 29, 2003, Plaintiffs' filed suit against Defendants for the unpaid contributions pursuant to ERISA § 502 (29 U.S.C. § 1132).  In February 2004, the parties entered into an agreement entitled "Stipulation for Dismissal as to Defendants Clark's Welding and Machine and Franz Edel Meyer [sic]"  ("Stipulated Dismissal").  The Stipulated Dismissal states, *inter alia*, "[t]his Agreement embodies the entire Agreement

between the parties hereto. All prior understandings and agreements by and between the parties hereto are merged into and superseded by this Agreement . . . no party released herein shall be bound by or liable for any statement, representation, promise, inducement or understanding of any kind or nature not set forth herein." The Honorable Judge Jeffrey S. White signed the Stipulated Dismissal and dismissed the claims against Defendants Clark's Welding and Franz Edelmeyer.

Plaintiffs allege that Defendants' cessation of contributions to OEPTF in 2003 triggered OEPTF's obligation to assess withdrawal liability against Defendants in the sum of $330,921. Plaintiffs informed Defendants of their alleged withdrawal liability on or around June 26, 2008. In an October 10, 2008 letter, Plaintiffs alleged that Defendants were delinquent on withdrawal liability installment payments, and if Defendants failed to cure their non-payment within sixty (60) days, the entire sum of $330,921 plus interest would become due pursuant to ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)). On January 7, 2009, Plaintiffs filed the present action alleging Defendants owed Plaintiffs for withdrawal liability.

On March 3, 2009, Defendants filed and served its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In their Motion to Dismiss, Defendants alleged that the 2004 Stipulated Dismissal released them of all liability not expressly set forth in the terms of the Stipulated Dismissal. In opposition, Plaintiffs alleged that ERISA required Defendants to arbitrate their release claim and Defendants failure to do so waived any defenses. In addition, Plaintiffs alleged that the Stipulated Dismissal only absolved Defendants of contribution liability under ERISA ― not withdrawal liability. On May 8, 2009, the Court denied Defendants' motion to dismiss. In its Order, the Court rejected Plaintiffs contention that ERISA required Defendants to arbitrate their release claim. The Court also held that because of ambiguity in the language of the Stipulated Dismissal, it must deny Defendants' Motion to Dismiss.

The principal factual issues in dispute in this action may include, without limitation:

    a.    The circumstances surrounding the parties' formation of the 2004 Stipulated Dismissal; and

    b.    The scope of the Stipulated Dismissal.

**3.    Legal Issues:**

Plaintiffs assert the following:

    a.   The cessation of Defendants' obligation to contribute to OEPTF constituted a complete withdrawal under ERISA § 4203 (29 U.S.C. § 1383), which thereby made Defendants liable to the Trust for withdrawal liability. Pursuant to ERISA § 4219 (29 U.S.C. § 1399), Defendants withdrawal liability equaled $330,921.

    b.   As a result of Defendants' withdrawal, Defendants and each member of their control group are liable for interest, liquidated damages and costs, including Plaintiffs' attorneys' fees pursuant to ERISA §§ 502(g)(2), 515, and 4301(b) (29 U.S.C. §§ 1132(g)(2), 1145, and 1451(b)).

    c.   Defendants Franz Edelmayer and Sylvester Haberman are "employers" under ERISA §§ 3(5), 4001(b)(1) (29 U.S.C. §§ 1002(5), 1301(b)(1)), and thus subject to withdrawal liability.

    d.   Defendants failed to make withdrawal liability payments, and therefore Plaintiffs are entitled to accelerate withdrawal liability payment under ERISA § 4219(c)(5) (29 U.S.C. 1399(c)(5)).

    e.   Defendants' alleged failure to make withdrawal liability payments in accordance with ERISA § 4219(c)(2) (29 U.S.C. § 1399(c)(2)), entitles Plaintiffs to injunctive relief requiring Defendants to provide documentation of all trades or businesses which are within their control group pursuant to ERISA §§ 4001(b)(1) and 4219(a) (29 U.S.C. §§ 1301(b)(1) and 1399(a)).

    f.   The parties February 2004 Stipulated Dismissal did not release Defendants of their withdrawal liability under ERISA.

    g.   The defenses of laches, waiver, and unclean hands are subject to arbitration and therefore have been waived by Defendants' failures to arbitrate their claims.

Defendants assert the following:

    a.   The February 2004 Stipulated Dismissal released Defendants of all liability not set forth in stipulation.

b.  Defendants are not liable for withdrawal payments under ERISA § 4203 (29 U.S.C. 1383).  Plaintiffs contend that said claim has been waived by Defendants since arbitration was not timely initiated pursuant to ERISA 4221.

c.  Defendants Franz Edelmayer and Sylvester Haberman are not "employers" under ERISA §§ 3(5), 4001(b)(1) (29 U.S.C. §§ 1002(5), 1301(b)(1)), and thus are not subject to withdrawal liability.

d.  Plaintiffs are not entitled to liquidated damages and costs under ERISA § 4301(b) and 502(g)(2) (29 U.S.C. §§ 1301(b), 1132(g)(2)).

e.  Plaintiffs are not entitled to injunctive relief requiring Defendants to provide documentation of all trades or businesses which are within their control group.

h.  Plaintiffs delay in bringing forth the current action bars any recovery due to the doctrines of laches, waiver, and unclean hands.

**4.   Motions:**

On March 3, 2009, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In its May 8, 2009 Order, the Court denied Defendants Motion to Dismiss.  In its Order, the Court rejected Plaintiffs contention that ERISA required Defendants to arbitrate their release claim.  The Court also held that because of ambiguity in the language of the Stipulated Dismissal, it could not grant Defendants Motion to Dismiss.  There have been no other prior motions and there are no pending motions.  The parties anticipate filing the following motions in the future:

a.  Both parties anticipate seeking a Motion for Summary Judgment after conducting a factual investigation and engaging in discovery.

b.  One or more discovery motions may be necessary, but the parties will attempt to resolve such matters amicably and without need for resort to the Court. The parties expect to file, as necessary, motions in limine regarding evidentiary issues prior to trial.  The parties propose that all dispositive motions and all non-discovery motions shall be heard by or before the final pretrial conference.

**5.     Amendment of Pleadings:**

No amendments are anticipated at this time.

**6.     Evidence of Preservation:**

The parties are taking necessary steps to preserve evidence relevant to the issues reasonably evident in this matter. These steps include the preservation of all known evidence, and instructions to personnel of the parties to retain such evidence should it come to their attention.

**7.     Disclosures:**

The parties have agreed to serve their respective initial disclosures no later than June 17, 2009. The parties may stipulate to extending the deadline for exchanging initial disclosures in order to attempt to save litigation costs in the hope of reaching an amicable resolution via settlement.

**8.     Discovery:**

To date, there has been no discovery conducted in this matter. The parties provide the following discovery plan in accordance with Fed. R. Civ. P. 26(f):

Rule 26(f) Disclosures (Fed. R. Civ. P. 26(f)(2)(A)): At the time of this filing, the parties do not believe that any changes to the timing, form, or requirement for disclosures under Rule 26(a) should be made. The parties have agreed to serve their respective initial disclosures no later than June 17, 2009. However, assuming that additional progress is made in settlement discussions, the parties may agree to extend the initial disclosure deadline.

Subjects on Which Discovery May be Needed (Fed. R. Civ. P. 26(f)(2)(B)): The parties anticipate that discovery will be required on at least the following subjects: the nature and scope of the parties February 2004 "Stipulation for Dismissal," including the Stipulation's effect on Plaintiffs' current lawsuit and the circumstances surrounding OEPTF's delay in raising the withdrawal liability issue.

The parties anticipate that discovery will be completed within the time specified herein. The parties do not believe that discovery should be conducted in phases. At this time, the parties do not currently anticipate the need for any orders under Rule 26 or 29-37 of the Federal Rules of

Civil Procedure.

<u>Electronically Stored Information</u> (Fed. R. Civ. P. 26(f)(2)(C)): The parties do not foresee any issues related to the discovery of electronic information. To the extent any exists, the parties believe it should be produced in electronic form.

<u>Claims of Privilege or of Protection</u> (Fed. R. Civ. P. 26(f)(2)(D)): The parties do not believe any special procedures are necessary to allow assertions of privilege after production.

<u>Changes to Limitations on Discovery</u> (Fed. R. Civ. P. 26(f)(2)(E)): The parties request no changes to be made to the limitations on discovery at this time.

<u>Other Orders</u> (Fed. R. Civ. P. 26(f)(2)(F)): The parties are currently unaware of the need for any such orders.

**9.  Class Actions:**

Not applicable.

**10.  Related Cases:**

There are no related cases currently pending.

**11.  Relief:**

Plaintiffs seek the following damages, and provide the following description of the bases on which damages are calculated: (1) Plaintiffs seek withdrawal liability of $330,921 for Defendants' alleged unpaid withdrawal payments pursuant to ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)); (2) plus interest; (3) plus liquidated damages equal to the greater of (a) the accrued interest on Defendants alleged delinquent withdrawal liability, or (b) twenty percent (20%) of the amount of the withdrawal liability ($66,184.20); and (4) Plaintiffs' attorneys' fees and costs. Plaintiffs also seek injunctive relief in the form of a mandate that Defendants provide documentation of all trades or businesses which are within their alleged control group as defined under ERISA § 4001(b) (29 U.S.C. § 1301(b)).

**12.  Settlement and ADR:**

The parties are participating in this Court's Mediation ADR program. A mediator has been assigned.

///

1  **13.   Consent to Magistrate Judge for All Purposes**:

2  The parties do not consent to a magistrate judge for all purposes.

3  **14.   Other References**:

4  The parties do not believe that the case is suitable for reference to binding arbitration or
5  any other reference.

6  **15.   Narrowing of Issues**:

7  The parties may be able to narrow the issues by agreement, and may be able to expedite
8  the presentation of evidence at trial. The parties believe discussion of these issues at the present
9  time is premature. The parties do not currently request that any issues, claims, or defenses be
10 bifurcated.

11 **16.   Expedited Schedule**:

12 The parties do not believe this is the type of case that can be handled on an expedited
13 basis with streamlined procedures.

14 **17.   Scheduling**:

15 The parties believe the following general guidelines are appropriate:

16     a.   Expert Witness Disclosure by Plaintiffs:  180 days prior to Pretrial
17          Conference;

18     b.   Expert Witness Disclosure by Defendants: 150 days prior to Pretrial
19          Conference;

20     c.   Discovery Cut Off:  60 days prior to Pretrial Conference;

21     d.   Law and Motion Cut Off:  30 days prior to Pretrial Conference;

22     e.   Final Pretrial Conference:  90 days prior to Trial;

23     f.   Settlement Conference:  45 days prior to Trial;

24     g.   Trial:  May 19, 2010.

25 The parties wish to reserve the ability to seek an acceleration (or extension) of the above-
26 proposed schedule.

27 **18.   Trial**:

28 The parties are willing to have a Court trial to expedite the adjudication of claims. The

1004984.3

8

1  expected length of trial is 2-7 court days.

2  **19.   Disclosure of Non-Party Interested Entities or Persons:**

3  Defendants filed their Certification of Interested Entities or Persons on May 14, 2009.
4  Plaintiffs filed their Certification of Interested Entities or Persons on May 18, 2009.

5  Defendants certified that, pursuant to Civil L.R. 3-16, other than the named parties, there
6  is no such interest to report.

7  Plaintiffs certified that, pursuant to Civil L.R. 3-16, other than the named parties, there is
8  no such interest to report.

9  **20.   Other Matters:**

10 The parties agree and stipulate that the Case Management Conference, currently
11 scheduled to take place on May 29, 2009, be continued until July 27, 2009. Currently, the parties
12 are scheduled to engage in mediation no later than July 16, 2009. It is the parties hope that
13 mediation will resolve several, if not all, of the issues currently before the Court. Thus, in the
14 interest of the just, speedy, and inexpensive resolution of this matter, the parties respectfully
15 request that the Court continue the parties' Case Management Conference from May 29, 2009 to
16 July 27, 2009.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

DATED: May 19, 2009        DOWNEY BRAND LLP

By: /s/ Cassandra M. Ferrannini
CASSANDRA M. FERRANNINI
Attorney for Defendants
CLARK'S WELDING AND MACHINE, SYLVESTER HABERMAN, and FRANZ EDEL MAYER, erroneously sued herein as Franz Edel Mayer

DATED: May 19, 2009        SALTZMAN & JOHNSON LAW CORPORATION

By: /s/ Shaamini A. Babu
SHAAMINI A. BABU
Attorney for Plaintiffs
OPERATING ENGINEERS' PENSION TRUST FUND; GIL GROSTHWAITE AND RUSS BURNS

**IT IS SO ORDERED**

The currently set Case Management Conference is hereby **continued to July 27, 2009**. All related deadlines are extended accordingly.

Dated: May 21, 2009

DENIED
Judge Samuel Conti

1004984.3

10

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND REQUEST FOR CONTINUANCE