UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' PENSION TRUST FUND; GIL CROSTHWAITE AND RUSS BURNS, as Trustees, | Case No. 09-0044 SC |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| v. | |
| CLARK'S WELDING AND MACHINE, a California partnership, aka CLARK'S WELDING, aka CLARK'S WELDING AND MACHINING; SYLVESTER HABERMAN, individually, and FRANZ EDELMAYER, individually, | |
| Defendants. | |

I.   **INTRODUCTION**

    This matter comes before the Court on the Motion to Strike Defendants' Affirmative Defenses ("Motion") filed by Plaintiffs Operating Engineers' Pension Trust Fund ("Operating Engineers"), Gil Crosthwaite ("Crosthwaite"), and Russ Burns ("Burns"), as Trustees (collectively "Plaintiffs").  Docket No. 33.  Defendants Clark's Welding and Machine ("Clark's Welding"), Sylvester Haberman ("Haberman"), and Franz Edelmayer ("Edelmayer") (collectively "Defendants") filed an Opposition.  Docket No. 37. Plaintiffs submitted a Reply.  Docket No. 39.  For the reasons stated herein, the Motion is GRANTED IN PART and DENIED IN PART.

    Defendants also submitted a Request for Judicial Notice,

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  requesting the Court to take notice of Defendants' earlier-filed

2  Motion to Dismiss, Plaintiffs' Opposition, and this Court's May 8,

3  2009 Order Denying the Motion to Dismiss.  Docket No. 38 ("RJN")

4  at 2.  It is not necessary for the Court to take judicial notice

5  of pleadings, motions, and orders docketed earlier in this case.

6  See, e.g., Enterprise Technology Holdings, Inc. v. Noveon Systems,

7  Inc., No. 05-2236, 2008 WL 2265264, at *2 (S.D. Cal. June 3,

8  2008).  The request for judicial notice is therefore DENIED,

9  although the Court can take these documents into consideration.

11  **II.   BACKGROUND**

12  On January 7, 2009, Plaintiffs filed their Complaint against

13  Defendants seeking payment of withdrawal liability in the sum of

14  $330,921.  Docket No. 1 ("Compl.") ¶ 1.  Plaintiffs' suit arises

15  under the Employee Retirement Income Security Act of 1974

16  ("ERISA"), as amended by the Multiemployer Pension Plan Amendments

17  Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001-1461.  Id.  The Complaint

18  alleges that Defendants withdrew from participation in the

19  Operating Engineers' Pension Trust Fund in January 2003, and that

20  Plaintiffs notified Defendants of the assessed withdrawal

21  liability on June 26, 2008.  Id. ¶¶ 1, 10, 11.

22  In a Stipulation filed in a previous lawsuit, Clark's Welding

23  and Edelmayer agreed to satisfy delinquent and unreported

24  contributions to Operating Engineers, and the Stipulation states

25  that "[a]ll prior understandings and agreements by and between the

26  parties hereto are merged into and superseded by this Agreement

27  and no party released herein shall be bound by or liable for any

28
2

statement, representation, promise, inducement or understanding of any kind or nature not set forth herein." Docket No. 25 ("May 8, 2009 Order") at 3.  The central issue in this case is whether this Stipulation releases Defendants from the requirement to pay withdrawal liability.  <u>Id.</u> at 10-12.  Extrinsic evidence concerning the parties' intentions is likely to resolve that question.  <u>Id.</u> at 11-12.

On May 21, 2009, Defendants answered the Complaint.  Docket No. 30 ("Answer").  The Answer contains fourteen affirmative defenses.  <u>See</u> Answer at 5-7.  Plaintiffs move to strike many of these.

**III.  <u>LEGAL STANDARD</u>**

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are generally regarded with disfavor.  <u>Ganley v. County of San Mateo</u>, No. 06-3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007).  To determine that a defense is insufficient as a matter of law, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."  <u>Id.</u> (quoting <u>E.E.O.C. v. Interstate Hotels, LLC</u>, No. 04-04092, 2005 WL 885604, at *1 (N.D. Cal. Apr. 14, 2005)).  A defense may be struck if it fails to provide fair notice of the basis of the defense.  <u>Qarbon.com Inc. v. eHelp</u>, 315 F. Supp. 2d 1046, 1048-49 (N.D. Cal. 2004).  If the court chooses to strike a

3

1   defense, leave to amend should be freely given so long as there is

2   no prejudice to the opposing party.  Id.

3

4   **IV.  DISCUSSION**

5       Plaintiffs move to strike Defendants' first, third, fourth,

6   fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth,

7   and thirteenth affirmative defenses.  Mot. at 2-7.  Defendants'

8   first affirmative defense states that "[e]ach and every claim

9   fails to state a claim upon which relief can be granted."  Answer

10  at 5.  In this case, Defendants' Answer was filed after the Court

11  denied Defendants' Motion to Dismiss.  See May 8, 2009 Order;

12  Answer.  By denying the Motion to Dismiss, the Court has already

13  determined that the Complaint states a claim upon which relief can

14  be granted.  Therefore, the Court GRANTS Plaintiffs' motion to

15  strike the first affirmative defense WITHOUT LEAVE TO AMEND.

16      Defendants' third affirmative defense states that "[e]ach and

17  every claim is barred by the applicable statute of limitations,

18  including but not limited to, ERISA § 4301(f)(29 U.S.C. §

19  1451(f))."  Answer at 5.  In this action, Plaintiffs seek payment

20  of withdrawal liability, and the relevant statute of limitations

21  provides Plaintiffs may sue up to "6 years after the date on which

22  the cause of action arose."  29 U.S.C. § 1451(f)(1).  The statute

23  of limitations does not begin to run on withdrawal liability until

24  a scheduled payment is missed.  Bay Area Laundry and Dry Cleaning

25  Pension Trust Fund v. Ferbar Corp. of California, Inc., 522 U.S.

26  192, 195 (1997).  Here, the first installment payment was due on

27  July 1, 2008, Compl. ¶ 12, and the Complaint was filed less than

28

4

United States District Court
For the Northern District of California

one year later, on January 7, 2009.  The statute of limitations defense is clearly insufficient as a matter of law.  The Court GRANTS Plaintiffs' motion to strike Defendants' third affirmative defense WITHOUT LEAVE TO AMEND.

Defendants' eighth affirmative defense states that "[e]ach and every claim is barred by the Free-Look Rule as set forth in ERISA § 4210 (29 U.S.C. § 1390)."  Answer at 6.  Plaintiffs contend that the Free-Look Rule is not available because the pension fund was not amended to make the Free-Look Rule applicable until 2007, but Defendants withdrew from the fund in 2003.  Mot. at 5.  Defendants' Opposition contains no discussion of the Free-Look Rule.  The Court therefore GRANTS Plaintiffs' motion to strike Defendants' eighth affirmative defense WITH LEAVE TO AMEND.

However, with regard to the fourth, fifth, sixth, seventh, ninth, tenth, eleventh, twelfth, and thirteenth affirmative defenses, the Court is unable to determine at this early stage of the proceedings whether they are insufficient.  Defendants allege that Plaintiffs' claims are barred by the doctrines of estoppel, unclean hands, laches, waiver, that Defendants Haberman and Edelmayer cannot be liable for withdrawal liability, that Plaintiffs failed to mitigate their alleged losses, that Plaintiffs are not entitled to injunctive or equitable relief, that Defendants complied with all applicable laws, and that Plaintiffs are not entitled to attorneys' fees.  Answer at 6-7.

Many of these defenses turn on whether or not the parties intended for the Stipulation to release Defendants from withdrawal liability.  Having already opposed Defendants' Motion to Dismiss,

5

1  Plaintiffs have fair notice of the basis of these defenses.  Some
2  of the legal questions raised by these defenses -- such as whether
3  the defense of laches is waived if not submitted to arbitration --
4  depend on legal questions that are not clear-cut.  The Court is
5  not convinced that there are no set of circumstances under which
6  these defenses could succeed.

7      This case is still in its very early stages, and discovery is
8  likely to shed light on the viability of these defenses.  After
9  discovery, Plaintiffs will have the opportunity to attack the
10  sufficiency of Defendants' defenses by filing a summary judgment
11  motion.  The Court DENIES Plaintiffs' motion to strike the fourth,
12  fifth, sixth, seventh, ninth, tenth, eleventh, twelfth, and
13  thirteenth affirmative defenses.

14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

*United States District Court*
For the Northern District of California

**V.** __CONCLUSION__

    For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Strike Defendants' Affirmative Defenses.  The Motion is GRANTED with respect to the first, third, and eighth affirmative defenses.  The first and third affirmative defenses are DISMISSED WITHOUT LEAVE TO AMEND, and the eighth affirmative defense is DISMISSED WITH LEAVE TO AMEND.  The Motion is DENIED with respect to the fourth, fifth, sixth, seventh, ninth, tenth, eleventh, twelfth, and thirteenth affirmative defenses.  Defendants must file an Amended Answer within twenty (20) days of this Order.


    IT IS SO ORDERED.


    Dated: July 28, 2009
                                    _____
                                    UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

7