DOWNEY BRAND LLP
CASSANDRA M. FERRANNINI (Bar No. 204277)
BRIAN J. LIM (Bar No. 258262)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
cferrannini@downeybrand.com
blim@downeybrand.com

Attorneys for Defendants
CLARK'S WELDING AND MACHINE,
SYLVESTER HABERMAN, and FRANZ
EDELMAYER, erroneously sued herein as Franz
Edel Mayer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' PENSION TRUST FUND; GIL GROSTHWAITE AND RUSS BURNS, as Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK'S WELDING AND MACHINE, a California partnership, aka CLARK'S WELDING, aka CLARK'S WELDING AND MACHINING; SYLVESTER HABERMAN, individually, and FRANZ EDEL MAYER, individually,<br><br>Defendants. | Case No. 3:09-cv-00044-SC<br><br>**JOINT STIPULATION REGARDING GOOD CAUSE TO MODIFY DATES IN SCHEDULING ORDER AND [PROPOSED] ORDER THEREON** |

Plaintiffs Operating Engineers' Pension Trust Fund, Gil Grosthwaite, and Russ Burns (hereinafter "Plaintiffs") and Defendants Clark's Welding and Machine, Sylvester Haberman, and Franz Edelmayer, erroneously sued herein as Franz Edel Mayer (hereinafter "Defendants") hereby jointly stipulate and seek leave pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and this Court's Status Conference Order to extend the court's deadlines to hear motions and discovery cut-off date filed by the Court on May 29, 2009 ("Scheduling Order"), with respect to third-party witness Tracy Mainguy, Esq. only. The stipulation and requested

extension by the parties would not alter or otherwise affect any other dates. Good cause exists for the request as follows:

The focus of this litigation is Plaintiffs' claim that Defendants are liable for withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants asserted several affirmative defenses in their Answer to Plaintiffs' Complaint. Several defenses require evidence regarding the proper interpretation of the parties' February 2004 "Stipulation for Dismissal as to Defendants Clark's Welding and Machine and Franz Edel Meyer [sic]," ("Stipulated Settlement"), which was negotiated during the parties' initial 2003 lawsuit, *Walters, et al. v. Clark's Welding and Machine, et al.*, (N.D. Cal. 2003, No. C 03-2544 JSW).

Third-party witness Tracy Mainguy, Esq. represented Plaintiffs' in the 2003 lawsuit, negotiated its settlement, and drafted the Stipulated Settlement at issue in this case. Thus, Defendants' contend that Ms. Mainguy is a vital witness to the present action, and a full and complete deposition of Ms. Mainguy is critical to the just resolution of this case.

On September 2, 2009, Defendants subpoenaed Ms Mainguy for her deposition on September 18, 2009 at Defendants' counsel's Sacramento office. Ms. Mainguy informed Defendants' counsel that she had four young children to care for and requested accommodations. To accommodate Ms. Mainguy's requests, Defendants' re-noticed Ms. Mainguy's deposition for Saturday, September 19, 2009, at Plaintiffs' counsel's San Francisco office.

Defendants', through their counsel, contend as follows:

1. When Ms. Mainguy arrived at her deposition, she informed the parties' counsel, for the first time, that she was pregnant.

2. A few minutes into the deposition, Ms. Mainguy began to complain of shortness of breath and dizziness.

3. Defendants' counsel offered to re-notice her deposition for a more convenient date and location — even going so far as to suggest they hold the deposition at Ms. Mainguy's home — but Ms. Mainguy refused to provide alternative dates.

4. In order to further accommodate Ms. Mainguy, Defendants' counsel permitted her to take as many breaks as she needed during the deposition.

1033440.2

2

JOINT STIPULATION RE: GOOD CAUSE TO MODIFY DATES IN ORDER; [PROPOSED] ORDER

5.   Despite these numerous attempts to accommodate her, Ms. Mainguy began to yell at Defendants' counsel and accused her of harassing her.

6.   Ms. Mainguy then abruptly left the deposition before it was completed and refused to provide counsel with another date to continue the deposition. Because of Ms. Mainguy's numerous breaks and her abrupt termination of the deposition, Defendants' counsel did not get anymore than a hour of testimony from her.

On September 25, 2009, Defendants' counsel wrote Ms. Mainguy a meet and confer letter, requesting that she provide another date to continue her deposition. In response, Ms. Mainguy informed Defendants' counsel that she would agree to continue her deposition if it was held in mid-November, because at that time she would be in the second trimester of her pregnancy. Ms. Mainguy believes that she will be in better health during the second trimester.

After Defendants' counsel met and conferred with both Plaintiffs' counsel and Ms. Mainguy, the parties agreed to continue the deposition on November 18, 2009 — a week before the Court's discovery cut-off date, and approximately two weeks before the court's deadline to hear motions. Defendants are concerned that Ms. Mainguy may refuse to attend her second deposition date and/or disrupt the deposition. Defendants are concerned that if Ms. Mainguy again interferes with the taking of a fair and complete deposition, Defendants will have insufficient time to file a motion to compel, have the motion heard, and if the motion is successful, continue Ms. Mainguy's deposition before the current Scheduling Order's deadlines. To accommodate Ms. Mainguy's health concerns while at the same time preserving Defendants' rights to enforce the discovery rules, the parties agree that the last hearing date for motions and the discovery cut-off, with respect to Ms. Mainguy only, be extended in accordance with the dates set forth below.

The parties have acted diligently to comply with the deadlines in the Scheduling Order, but because matters that could not have been reasonably foreseen or anticipated at the time of scheduling, a modification of that Order has now become necessary. Accordingly, the parties respectfully request that the Court modify the existing Scheduling Order by briefly extending the Scheduling Order dates, as to Ms. Mainguy only, as follows:

|  | Existing Date | Proposed Date |
|---|---|---|
| Discovery Cut-Off Regarding Mainguy | November 25, 2009 | January 5, 2010 |
| Last Hearing Date For Motions Regarding Mainguy | December 4, 2009 | December 30, 2009 |

DATED: October 12, 2009     DOWNEY BRAND LLP

By: /s/ Shaamini A. Babu
SHAAMINI A. BABU
Attorney for Plaintiffs
OPERATING ENGINEERS' PENSION TRUST FUND, GIL GROSTHWAITE, AND RUSS BURNS

DATED: October 15, 2009     DOWNEY BRAND LLP

By: /s/ Cassandra M. Ferrannini
CASSANDRA M. FERRANNINI
Attorney for Defendants
CLARKS WELDING AND MACHINE, SYLVESTER HABERMAN, AND FRANZ EDELMAYER, ERRONEOUSLY SUED HEREIN AS FRANZ EDEL MAYER

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: Oct. 16, 2009

SAMUEL CONTI
HONORABLE UNITED STATES DISTRICT JUDGE

*No oral argument — Matters submitted on papers.*

4

JOINT STIPULATION RE: GOOD CAUSE TO MODIFY DATES IN ORDER; [PROPOSED] ORDER