United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' PENSION TRUST FUND; GIL CROSTHWAITE AND RUSS BURNS, as Trustees,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CLARK'S WELDING AND MACHINE, a California partnership, aka CLARK'S WELDING, aka CLARK'S WELDING AND MACHINING; SYLVESTER HABERMAN, individually, and FRANZ EDELMAYER, individually,<br><br>　　　　Defendants. | Case No. 09-0044 SC<br><br>ORDER REQUIRING <u>SUPPLEMENTAL BRIEFING</u> |

　　This matter comes before the Court on the Motion for Summary Judgment ("Motion") filed by Plaintiffs Operating Engineers' Pension Trust Fund ("Operating Engineers"), Gil Crosthwaite ("Crosthwaite"), and Russ Burns ("Burns"), as Trustees (collectively "Plaintiffs").  Docket No. 50.  Defendants Clark's Welding and Machine ("Clark's Welding"), Sylvester Haberman ("Haberman"), and Franz Edelmayer ("Edelmayer") (collectively "Defendants") filed an Opposition, and Plaintiffs filed a Reply. Docket Nos. 77, 78.  For the reasons stated herein, the Court requires supplemental briefing.

　　This action is not the first time Plaintiffs sued Defendants. On May 23, 2003, a number of pension trust funds, including

1  Operating Engineers, brought an action against Defendants "seeking
2  to enforce Defendant's [sic] obligation to contribute fringe
3  benefits to the Trust Funds under the collective bargaining
4  agreement."  Thurn Decl.[1] Ex. A ("2003 Compl.") at 2.  About nine
5  months later, in February 2004, the pension funds, Clark's Welding
6  and Edelmayer filed a Stipulation for Dismissal.  See Thurn Decl.
7  Ex. G ("2004 Stipulation").

8       Plaintiffs are now suing Defendants seeking payment of
9  withdrawal liability in the sum of $330,921.  Compl., Docket No.
10 1, ¶ 1.  One of Defendants' affirmative defenses is that the 2004
11 Stipulation released Defendants from the obligation to pay
12 withdrawal liability.  See Docket No. 30 ("Answer") at 5; Opp'n at
13 10-15.  Tracy Mainguy ("Mainguy") represented Plaintiffs in the
14 2003 lawsuit, and drafted the 2004 Stipulation.  Opp'n at 2-3.  On
15 September 19, 2009, Mainguy left her deposition before she could
16 be asked questions regarding the 2004 Stipulation.  Id. at 4;
17 Ferrannini Decl.[2] ¶¶ 4-7, Ex. B ("Mainguy Dep.") at 75:20-79:4.
18 The parties agreed to continue her deposition on November 18,
19 2009.  Ferranini Decl. ¶ 7.

20      Under the Federal Rules, if a party opposing a motion for
21 summary judgment shows by affidavit that it cannot present facts
22 essential to justify its opposition, the court may: (1) deny the

---

[1] Richard Thurn, an attorney and co-owner of Gray & Thurn, Inc., filed a declaration in support of Defendants' Opposition. Docket No. 77-6.

[2] Cassandra M. Ferrannini, a partner at Downey Brand LLP, filed a declaration in support of Defendants' Opposition. Docket No. 77-1.

2

1  motion; (2) order a continuance to enable affidavits to be
2  obtained, depositions to be taken, or other discovery to be
3  undertaken; or (3) issue any other just order.  Fed. R. Civ. P.
4  56(f).  Pursuant to this rule, the Court requires the parties to
5  submit supplemental briefs addressing the impact, if any, of Ms.
6  Mainguy's continued deposition testimony on the issues raised in
7  Plaintiffs' Motion for Summary Judgment.  If the parties did not,
8  in fact, continue her deposition on that date, then the parties
9  should schedule her continued deposition as soon as practicable in
10 order to comply with the supplemental briefing schedule contained
11 in this Order.[3]

12     Defendants' supplemental brief is not to exceed five (5)
13 pages and must be filed on or before Friday, January 15, 2010.
14 Plaintiffs' response is not to exceed three (3) pages and must be
15 filed on or before Wednesday, January 20, 2010.  The brief and
16 reply should focus on the impact of Ms. Mainguy's continued
17 deposition testimony on the issues raised in Plaintiffs' Motion
18 for Summary Judgment.  There will be no further briefing regarding
19 any other issue raised by the Motion for Summary Judgment, and the
20 Motion for Summary Judgment will be decided on the papers after
21 the Court has reviewed the supplemental briefs.
22 ///
23 ///
24 ///
25 ///

---

[3] The Court extended the discovery cut-off regarding Mainguy to January 5, 2010.  Docket No. 46 ("Stipulation and Order") at 4.

3

     The Court VACATES the pretrial conference date and the trial date in this case. The parties shall appear for trial setting on February 19, 2010, at 10:00 a.m. in Courtroom 1, on the 17th Floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

     IT IS SO ORDERED.

     Dated: December 11, 2009

                                           UNITED STATES DISTRICT JUDGE